# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 21-___** |
| | **DATE FILED:** |
| v. | **VIOLATION:** |
| | 18 U.S.C. § 641 (conversion of government funds – 1 count) |
| **SHERON BROWN** | **Notice of Forfeiture** |

# I N F O R M A T I O N

## COUNT ONE

### (Conversion of Government Funds)

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

    1.    The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Disability Insurance Benefits ("DIB") and Retirement Insurance Benefits ("RIB") programs, pursuant to Title 42, United States Code, Sections 401-433.

    2.    The DIB and RIB programs are earned-right programs funded through Social Security wage taxes. When an individual worked, that individual paid taxes on his or her wages into the Social Security trust fund. If that individual paid sufficient Social Security taxes to earn sufficient "credits," as that term was defined for purposes of the Social Security Act, he or she was eligible to receive certain benefits either upon disability or upon reaching a certain age.

3. The DIB program, which was established to be self-financing, provided monthly cash benefits to those who qualify as "disabled," as that term was defined for the purposes of the Social Security Act. DIB are available if a person worked long enough and had a medical condition that prevented the individual from working for at least 12 months. These payments continue until the beneficiary reached full retirement age. Upon reaching full retirement age, the SSA automatically converted these benefits to RIB.

4. DIB and RIB payments continued until the individual died.

5. On or about November 7, 2007, the mother of defendant SHERON BROWN, identified herein as "C.A.," applied for DIB benefits, with the assistance of defendant Brown, at a local SSA field office. No other individual was entitled to the benefits designated for C.A. and the benefits were to be suspended upon the death of C.A. The SSA provided these benefits through an electronic funds transfer to a PNC Bank account held in the name of C.A. Upon reaching a certain age, the DIB benefits were reclassified as RIB, again for the benefit of C.A. during her lifetime.

6. C.A. died on or about December 12, 2007.

7. SSA has no record of timely notification of C.A.'s death and continued to issue RIB benefits through an electronic funds transfer to C.A.'s PNC Bank account.

8. Defendant SHERON BROWN improperly received and converted the benefit payments in her mother's PNC bank account for defendant BROWN's own use.

9. From in or about January 2008 to in or about July 2019, defendant SHERON BROWN improperly received and converted to her own use approximately $117,490.00 in SSA benefit payments intended for C.A.

10. Beginning in or about January 2008, and continuing through in or about July 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**SHERON BROWN**

knowingly converted to her own use money of the United States in excess of $1,000, that is, approximately $117,490.00 in SSA benefits to which the defendant knew she was not entitled.

In violation of Title 18, United States Code, Section 641.

## **NOTICE OF FORFEITURE**

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

      1.     As a result of the violation of Title 18, United States Code, Section 641, set forth in this information, defendant

**SHERON BROWN**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offense; including but not limited to the sum of $117,490.00.

      2.     If any of the property subject to forfeiture, as a result of any act or comission of the defendant:

      (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred or sold to, or deposited with, a third party;

      (c) has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).

_____
**JENNIFER ARBITTIER WILLIAMS**
**Acting United States Attorney**

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

**SHERON BROWN**

INFORMATION

Counts
**18 U.S.C. § 641 (conversion of government funds – 1 count)
Notice of Forfeiture**

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Clerk

Bail, $_____